Albert WIGHT, et al., Plaintiffs,

v.

AGRISTOR LEASING, et al.,
Defendants.

Civ. A. No. 84–4050.

United States District Court,
D. Kansas.

March 22, 1985.

Brock R. Snyder, Topeka, Kan., for plaintiffs.

Gehrt & Roberts, Chtd., Floyd E. Gehrt, Topeka, Kan., for K–W–H–I Co., Inc. and Donald D. Krause.

Benfer & Farwell, George F. Farrell, Jr., Topeka, Kan., for A.O. Smith Harvestore Products, Inc., and A.O. Smith Corp., Inc.

Lathrop, Koontz & Norquist, Gordon E. Wells, Jr., Overland Park, Kan., for Agristor Leasing, Agristor Credit Corp., and Steiner Financial Corp.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for sanctions of default judgment or in the alternative to strike affirmative defenses for failure to provide discovery. Plaintiffs have also filed a motion to compel answer to complaint or in the alternative to enter default judgment. Defendants Agristor Leasing, Agristor Credit Corporation and Steiner Financial Corporation have filed a motion for an order granting immediate possession of property.

The court will first consider plaintiffs' motion for sanctions of default judgment or to strike affirmative defenses for failure to provide discovery. Plaintiffs seek sanctions pursuant to Rule 37(b), Federal Rules of Civil Procedure, against defendants A.O. Smith Harvestore Products, Inc. and A.O. Smith Corporation, Inc. for failing to provide answers to interrogatories. The court heard arguments of counsel on this matter on March 5, 1985.

Upon a review of the record, this court finds that sanctions should be imposed. On June 11, 1984, Magistrate Van-Bebber granted plaintiffs' motion to compel and granted defendants until July 6, 1984, to answer plaintiffs' interrogatories and requests for production of documents. Defendants did not respond by that date and, in fact, did not respond at all until just

days before arguments on this motion were heard.

It is evident that defendants did not comply with the magistrate's order of June 11, 1984, nor did they offer any extenuating reasons why plaintiffs' motion should not be granted. Defendants did not request an extension of time in which to answer these interrogatories, nor did they file a written response to plaintiffs' motion for sanctions. This court had every right to expect the filing of a certificate of service indicating that responses were served on or before July 6, 1984, pursuant to Rule 17(h) of the Rules of Practice of the United States District Court for the District of Kansas. This court finds defendants' conduct to be in flagrant disregard of the June 11, 1984, order and sanctions shall be imposed. It is ordered that the affirmative defenses of defendants A.O. Smith Harvestore Products, Inc. and A.O. Smith Corporation, Inc. shall hereby be stricken.

 The court will next consider plaintiffs' motion to compel answer to plaintiffs' complaint or in the alternative to enter default judgment. Plaintiffs filed their complaint on February 6, 1984. Defendant W.E. (Bud) Turner filed a motion for a more definite statement on March 26, 1984. This court denied that motion on April 12, 1984. Plaintiffs argue that defendant Turner had ten (10) days from the court's denial of that motion in which to file a responsive pleading. Plaintiffs request that the court compel an answer to be filed from defendant Turner or in the alternative enter a default judgment.

Defendant Turner has responded that he did not receive a copy of this court's order dated April 12, 1984, and his first indication that the order had been entered was the allegation contained in plaintiffs' motion received by defendant's counsel on July 2, 1984. Defendant asserts that an answer has been since filed. Plaintiffs' motion to compel answer has therefore been satisfied and that portion of plaintiff's motion for default judgment shall be denied.

Also pending before this court is the motion of Agristor Leasing, Agristor Credit Corporation and Steiner Financial Corporation for an order granting immediate possession of property. A review of the docket sheet shows that a hearing on this motion was scheduled for April 20, 1984, which was subsequently cancelled. No further reference is made to this motion. The court shall regard such motion as being abandoned, and therefore same shall be denied.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for sanctions of default judgment or in the alternative to strike affirmative defenses for failure to provide discovery is hereby granted to the extent that affirmative defenses of defendants A.O. Smith Harvestore Products, Inc. and A.O. Smith Corporation, Inc. shall be stricken.

IT IS FURTHER ORDERED that plaintiffs' motion to compel answer or in the alternative to enter default judgment is hereby denied as such answer has been filed.

IT IS FURTHER ORDERED that defendant's motion for an order granting immediate possession of property is hereby denied.